UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS SANTIAGO VELASCO,<br><br>           Petitioner,<br><br>  v.<br><br>M. D. BITER,<br><br>           Respondent. | 1:11-cv–01952-BAM-HC<br><br>ORDER GRANTING RESPONDENT'S<br>MOTION TO DISMISS THE PETITION<br>(DOC. 13)<br><br>ORDER DISMISSING THE PETITION<br>WITH PREJUDICE (DOC. 1) AND<br>DIRECTING THE CLERK TO ENTER<br>JUDGMENT<br><br>ORDER DECLINING TO ISSUE A<br>CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on December 7, 2011, and on behalf of Respondent on January 13, 2012.

    Pending before the Court is Respondent's motion to dismiss the petition as untimely, which was filed on January 27, 2012.

1

Respondent lodged supporting documents in connection with the motion.  Petitioner filed opposition to the motion on March 15, 2012.  No reply was filed.

    I.   <u>Motion to Dismiss for Untimeliness</u>

    Respondent has filed a motion to dismiss the petition on the ground that the petition was untimely filed.

    Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

    In the Ninth Circuit, respondents have been allowed to file a motion to dismiss pursuant to Rule 4 instead of an answer if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).  Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  <u>See,</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

    In this case, Respondent's motion to dismiss addresses the timing of the filing of the petition.  The material facts pertinent to the motion are mainly to be found in copies of the

official records of state judicial proceedings which have been provided by the parties, and as to which there is no factual dispute. Because Respondent has not filed a formal answer and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

## II. The Limitations Period

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). Petitioner filed his petition for writ of habeas corpus on July 9, 2008. Thus, the AEDPA applies to the petition.

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). It further identifies the pendency of some proceedings for collateral review as a basis for tolling the running of the period. As amended, subdivision (d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

3

```
            filing by such State action;

        (C) the date on which the constitutional right
            asserted was initially recognized by the
            Supreme Court, if the right has been newly
            recognized by the Supreme Court and made
            retroactively applicable to cases on collateral
            review; or

        (D) the date on which the factual predicate of the
            claim or claims presented could have been discovered
            through the exercise of due diligence.

    (2) The time during which a properly filed application
        for State post-conviction or other collateral review
        with respect to the pertinent judgment or claim is pending
        shall not be counted toward any period of limitation
        under this subsection.
```

28 U.S.C. § 2244(d).

III. <u>Factual Summary</u>

In the petition filed here, Petitioner challenges his conviction of assault with a deadly weapon and with force likely to produce great bodily injury, and his sentence of seventeen years that was enhanced for Petitioner's personal infliction of great bodily injury and his commission of the offense for the benefit of a criminal street gang in violation of Cal. Pen. Code §§ 245(a)(1), 186.22(b)(1)(c), and 12022.7(a). (Pet., doc. 1, 1-2, 6-15.)

Petitioner was sentenced in the Merced County Superior Court (MCSC) on June 17, 2005. (LD 1.)

On December 12, 2006, the Court of Appeal of the State of California, Fifth Appellate District (CCA) affirmed the judgment on direct appeal. (LD 2, 10.)

Petitioner filed a petition for review in the California Supreme Court (CSC) on January 23, 2007, which was dismissed on September 12, 2007, in light of <u>People v. Black</u>, 41 Cal.4th 799

4

(2007).  (LD 3-4.)  There is no evidence before the Court suggesting that Petitioner sought certiorari; Petitioner states in his opposition that his direct appeal concluded on December 12, 2007, in light of the ninety-day period for filing a petition for writ of certiorari.  (Opp., doc. 17, 1:24-26.)

On August 10, 2009, Petitioner filed[1] a petition for writ of habeas corpus in the MCSC.  (LD 5, 1.)  The petition was denied on January 4, 2010, because 1) in the absence of an exception to the general rule, reconsideration of all grounds for relief that could have been raised on appeal but were not so raised was barred; and 2) all twenty-two grounds alleged in the petition were untimely, and Petitioner had failed to explain meritoriously the reasons for his considerable delay in seeking habeas relief.  (LD 6, 1-2.)

On December 24, 2009, Petitioner filed a petition for writ of habeas corpus in the CCA.  (LD 7, 1.)  On January 21, 2010, the CCA denied the petition without any statement of reasoning or citation of authority.  (LD 8.)

On January 25, 2010, Petitioner filed another petition for

---

[1] Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988); see, Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).  The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)).  It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).  The Petitioner's filings have been given the benefit of the mailbox rule to the extent possible based on the documentation before the Court.

5

writ of habeas corpus in the CCA, which denied the petition without any statement of reasoning or citation of authority. (LD 9-10.)

On March 16, 2010, Petitioner filed a petition for writ of habeas corpus in the CSC, which denied the petition with citations to In re Robbins, 18 Cal.4th 770, 780 (1998) and People v. Duvall, 9 Cal.4th 464, 474 (1995). (L.D. 11, 35; LD 12.)

On September 28, 2011, Petitioner filed the petition that is presently pending before the Court. The proceeding was transferred to this Court on November 23, 2011.

IV.   The Running of the Limitations Period

Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final.

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. Burton v. Stewart, 549 U.S.147, 156-57 (2007). The last sentence was imposed on Petitioner on June 17, 2005.

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for

1  writ of certiorari.  Wixom, 264 F.3d at 897 (quoting Smith v.
2  Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied 525
3  U.S. 1187 (1999)).
4     Here, Petitioner's direct review concluded when his petition
5  for review was dismissed by the California Supreme Court on
6  September 12, 2007.  The time for direct review expired ninety
7  days thereafter on December 11, 2007, when the period for seeking
8  a writ of certiorari concluded.  See, Bowen v. Roe, 188 F.3d
9  1157, 1158-59 (9th Cir. 1999).  Thus, the limitations period
10 began to run on December 12, 2007, to expire one year later on
11 December 11, 2008.  Patterson v. Stewart, 251 F.3d 1243, 1245-46
12 (9th Cir. 2001) (holding analogously that the correct method for
13 computing the running of the one-year grace period is pursuant to
14 Fed. R. Civ. P. 6(a), in which the day upon which the triggering
15 event occurs is not counted).
16    The petition was filed here on September 28, 2011.  Thus,
17 absent any tolling, the petition shows on its face that it was
18 filed outside the one-year limitations period provided for by the
19 statute.
20    V.   Statutory Tolling pursuant to 28 U.S.C. § 2244(d)(2)
21    Title 28 U.S.C. § 2244(d)(2) states that the "time during
22 which a properly filed application for State post-conviction or
23 other collateral review with respect to the pertinent judgment or
24 claim is pending shall not be counted toward" the one-year
25 limitation period.  28 U.S.C. § 2244(d)(2).
26    Once a petitioner is on notice that his habeas petition may
27 be subject to dismissal based on the statute of limitations, he
28 has the burden of demonstrating that the limitations period was

7

sufficiently tolled by providing pertinent dates of filing and denial, although the state must affirmatively argue that the petitioner failed to meet his burden of alleging the tolling facts; simply noting the absence of such facts is not sufficient. Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002).

Here, Petitioner did not file his first state petition for collateral relief until August 10, 2009, eight months after the statutory period had expired on December 11, 2008.  Thus, the statutory period had run by the time any application for collateral relief was filed in the state courts.

Under such circumstances, the pendency of state applications has no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (filing a state collateral petition after the running of the one-year limitations period of the AEDPA but even before the expiration of the pertinent state period of finality did not toll the running of the period under § 2244(d)(2)).

Respondent further notes that in any event, the state courts expressly found that some of the petitions filed by Petitioner were untimely, and thus they could not have tolled the running of the statutory period because they were not properly filed.

An application for state post-conviction or other collateral review is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as provisions concerning the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000).  State time limits are conditions to filing, which

render a petition not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. at 417. When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id. Where a petition is untimely under California's standards, none of the time before or during the court's consideration of the petition is statutorily tolled. White v. Martel, 601 F.3d 882, 883-84 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).

Here, the MCSC denied Petitioner's first habeas petition with an express determination that the claims were all untimely and were presented without any meritorious reason for Petitioner's considerable delay. (LD 6, 1-2.) In connection with its finding of untimeliness, the MCSC cited In re Robbins, 18 Cal.4th 770, 780-781 (1998). (Id. at 2.) The CCA summarily denied the second petition, which contained the same claims as the first. (LD 5, 7, 8.) The CCA likewise summarily denied the third petition, which contained all the claims contained in the second petition. (LD 7, 9, 10.) It is presumed that the state appellate court did not silently disregard the last reasoned opinion of the MCSC (LD 3), in which the court found the petition was procedurally deficient. Cf. Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991). Thus, the CCA's silent denials constituted determinations that the petitions were untimely.

The CSC then denied the fourth habeas petition with a citation to Robbins, 18 Cal.4th at 780. (LD 12.) Robbins stands

9

for the proposition that delayed and repetitious claims will not be condoned; a citation to Robbins at 780 means that the petition was untimely. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

Therefore, in addition to having been filed too late to toll the statute, Petitioner's state petitions were not properly filed, and thus they did not toll the limitations period for purposes of 28 U.S.C. § 2244(d)(2). Pace v. DiGulielmo, 544 U.S. at 414-15.

It is concluded that the running of the limitations period was not tolled by Petitioner's state court filings pursuant to § 2244(d)(2).

VI. Equitable Tolling

The one-year limitation period of § 2244 is subject to equitable tolling where the petitioner has been diligent, and extraordinary circumstances, such as the egregious misconduct of counsel, have prevented the petitioner from filing a timely petition. Holland v. Florida, – U.S. –, 130 S.Ct. 2549, 2560 (2010). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling is reasonable diligence, not "maximum feasible diligence." Holland v. Florida, 130 S.Ct. at 2565.

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v.

Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

In his opposition, Petitioner asserts in an unsworn statement that he had tried to file a petition for writ of habeas corpus in the MCSC in May 2007, but the petition was returned with a notation that it was on the wrong form, and with a direction to submit it on the current form. Petitioner states that he complied with the direction; the court enclosed a "current 2009 Judicial form," which Petitioner resubmitted "in all diligence." (Opp., doc. 17, 1-2.) Although Petitioner asserts generally that he was diligent, Petitioner does not provide any facts that would explain why he delayed over two years before filing another petition in the MCSC in August 2009.

Petitioner argues that his appellate counsel refused to submit on appeal the additional claims that Petitioner seeks to raise here. Petitioner may be attempting to assert that the ineffective assistance of counsel constituted an extraordinary circumstance.

Reference to the opinion of the CCA in the direct appeal shows that the assault of which Petitioner was convicted involved Petitioner's knocking the victim's red hat off his head and ordering the victim to take off his red jacket because Petitioner did not like the victim's wearing red on Petitioner's street. A short time later, Petitioner again encountered the victim, who had put his jacket back on after having removed it for Petitioner. Petitioner and a companion exited their vehicle and ran to the victim, who again removed his jacket. Petitioner swung at the victim and missed; the victim hit Petitioner, who fell. Petitioner's companion threw a beer at the victim and

attacked him, but Petitioner's companion was punched and knocked to the ground by the victim. Petitioner than ran up behind the victim and stabbed him on the side, and Petitioner's companion stabbed the victim on his other side; one of the assailants was observed by the victim carrying a five-inch-long boot knife. Petitioner and his companion ran off and drove away. (LD 2, 2-3.)

The victim's identification of Petitioner in a photographic line-up was certain because the victim had been in the same grade, and in some of the same classes, as Petitioner in high school. Further, persons who had accompanied the victim at the time of the attack identified Petitioner and Petitioner's companion. One of the victim's companions knew both Petitioner and his co-participant because he had grown up with Petitioner and had attended the same school; he had also seen Petitioner around town a lot. (LD 2, 4.)

The claims which Petitioner seeks to raise here that were not raised on appeal primarily concern alleged judicial bias and erroneous rulings as well as the prosecution's failure to disclose, or untimely disclosure of, information that related to impeachment of Petitioner's alibi witness, and a stipulation to be revealed to the jury regarding this information. The information related to the defense witness's having allegedly attacked a child a year and one-half before the trial. (LD 5.)

The record before the Court does not reveal counsel's reasons for failing to raise the omitted issues. Generally, mere negligence or excusable neglect on the part of counsel does not warrant equitable tolling. Holland v. Forida, 130 S.Ct. 2549,

2564. However, more egregious misconduct in the nature of abandonment of the client or a failure to perform essential functions might provide a basis for equitable tolling. Id.

Here, it is unknown why appellate counsel did not raise these issues on appeal. Petitioner has not set forth any facts concerning the substance of the alibi witness's knowledge or testimony, or the circumstances relevant to the stipulation, that would support an inference that counsel was engaging in sub-standard conduct in failing to raise these issues on appeal, or that a failure to raise such issues was prejudicial to Petitioner. See, Strickland v. Washington, 466 U.S. 668, 687-94 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). It is concluded that Petitioner has not demonstrated that his counsel rendered ineffective assistance, let alone egregious misconduct that might warrant equitable tolling.

Petitioner asserts that he had difficulty obtaining his trial transcripts, which, despite his requests, were not mailed to him until March 2008, which was about six months after the conclusion of his direct appeal. Petitioner also asserts that he lacked knowledge and suffered unspecified limitations with respect to access to legal materials; further, in the last six weeks before Petitioner submitted his opposition to the instant motion, his custodial institution was on lock-down, and he had no opportunity to visit the law library. (Id. at 1-4.)

Here, Petitioner proceeded pro se. Petitioner's pro se status is not an extraordinary circumstance. Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010). A pro se petitioner's confusion or ignorance of the law is not alone a circumstance

13

warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Limited access to a law library and copy machine is a routine restriction of prison life and thus is not an extraordinary circumstance. Ramirez v. Yates, 571 F.3d at 993. Petitioner's allegations are general, and Petitioner has not shown how any limitation of access to the law library or to any other materials actually made it impossible for him to file a petition. Thus, Petitioner's showing differs materially from one that establishes that lack of access to specific materials precluded timely filing.

Further, Petitioner's filing of numerous petitions in the state courts during his incarceration is inconsistent with his allegations of impossibility. Cf., Ramirez v. Yates, 571 F.3d at 998. Petitioner has failed to show that the circumstances in question actually caused Petitioner's inability to file timely a federal habeas application. Such a failure warrants denial of an equitable tolling claim. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

Likewise, Petitioner has not established his diligence more generally throughout the state court proceedings in attempting to file a timely federal petition. Petitioner has failed to set forth affirmative allegations showing his diligent efforts to file the necessary documents. Cf., Chaffer v. Prosper, 592 F.3d at 1049. It is established that the failure of the person seeking equitable tolling to exercise reasonable diligence in attempting to file timely after the extraordinary circumstances begin disrupts the link of causation between the circumstances and the failure to file. Spitsyn v. Moore, 345 F.3d at 802.

The Court concludes that Petitioner has not demonstrated extraordinary circumstances or diligence, and thus he is not entitled to equitable tolling of the statutory period.

In summary, the Court finds that the facts concerning the various state proceedings are essentially undisputed. The petition was filed outside of the one-year statutory period, and Petitioner failed to demonstrate his entitlement to relief from the bar of the statute of limitations.

Accordingly, Respondent's motion to dismiss the petition as untimely filed will be granted.

VII.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and, with respect to procedural issues, that jurists of reason would find

15

it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

Here, because the facts concerning the various state proceedings are undisputed, and because Petitioner failed to demonstrate by specific facts his entitlement to relief from the bar of the statute of limitations, jurists of reason would not find it debatable whether the Court was correct in its ruling.

Accordingly, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court will decline to issue a certificate of appealability.

VIII.   Disposition

Accordingly, it is ORDERED that:

1) Respondent's motion to dismiss the petition is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE as untimely filed; and

    3) The Clerk is DIRECTED to enter judgment and close the case; and

    4) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 5, 2012**            /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE